**Gregory A. COLLIER, Plaintiff–Appellant,**

v.

**Melvin CARRAWAY, et al., Defendants–Appellees.**

No. 03–1864.

United States Court of Appeals, Seventh Circuit.

Submitted March 8, 2005.*

Decided March 8, 2005.

* This appeal has been submitted without the filing of briefs by the appellees. After examining the appellant's brief and the record, we have concluded that oral argument is unnec-

essary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

Gregory A. Collier, pro se, New Albany, IN.

Anne M. Galligan, Jeffersonville, IN, for Defendants—Appellees.

Before MANION, KANNE, and EVANS, Circuit Judges.

## ORDER

Gregory Collier claims that government officials and law enforcement officers in Indiana violated his rights under the federal and state constitutions. After giving Collier an opportunity to supplement his pro se complaint, the district court dismissed the suit sua sponte. We affirm that dismissal.

Collier's fundamental grievance is that state authorities targeted him for enforcement of gambling and tax laws, while sparing "competitors" he accuses of violating the same laws. Although he does not explain the origin of his conflict with Indiana authorities in his submissions to the district court, a newspaper article he appended to his appellate brief recounts that the Indiana State Police raided his tavern and confiscated a gambling machine. Collier afterward engaged in a campaign of reporting to the police those whom he suspected of possessing such machines. He also attempted to interest investigators from the Indiana Department of Revenue in pursuing those parties to collect on the "hundreds of thousands of dollars in illegal untaxed revenue." But the authorities failed to respond with acceptable vigor, leaving his competitors with an unfair competitive advantage that destroyed his business. Collier's protests to the governor and state legislators were unavailing, which he attributes to a state policy of discriminating against white males.

Collier also claims that he was unjustly "harassed" by law enforcement. As best we can tell, he alleges that state police officers endangered his safety by disclosing the fact that he was making reports against his competitors, which resulted in threats against his life that compelled him to move out of state. A state police officer and a local police officer also "supported/encouraged" a physical attack on him that caused unspecified "property damage," and then concealed the identity of his attacker during the investigation of this incident.

After doing its best to parse Collier's rambling allegations, the district court concluded that his complaint alleges no viable federal claim and, at bottom, is nothing more than a "reworked variation on the theme of failure on the part of public officials to fairly and properly enforce the Indiana gambling machine law" that Col-

lier had raised unsuccessfully in three earlier lawsuits. Collier does not challenge this conclusion on appeal. He asserts that the case law cited by the district court is "not applicable," but his "argument" consists solely of bare reassertions of his claims, without any supporting authority, and attacks on the integrity of the district judge. This does not meet the requirements for an appellant's brief as stated in Fed. R.App. P. 28(a)(9)(A). Although we construe the filings of pro se appellants liberally, *see Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001), Collier still must point to some specific error in law or in fact on the part of the district court, *see id.* He has not done so. Accordingly, this appeal is

DISMISSED.